W. A. JOHNSON v. PETER WILLIAMS.

*Justice of the Peace—Jurisdiction.*

Where two actions were brought before a Justice of the Peace, not to enforce a contract by recovering judgment for an ascertained amount of indebtedness, but for the recovery in claim and delivery proceedings of the possession of distinct articles of property, to-wit, corn, of the value of $35, made upon certain lands, in the first, and cotton and fodder raised thereon, of the value of $15, in the second action, the Court of the Justice of the Peace had jurisdiction, under the principle laid down in *Bell* v. *Howerton,* 111 N. C., 69, this not being a case of "splitting up" the items of indebtedness for the purpose of giving jurisdiction.

115—3

JOHNSON *v.* WILLIAMS.

This is a CIVIL ACTION, the consolidation of two suits brought by plaintiff against defendant on the 8th day of November, 1892, before J. P. Leach, Justice of the Peace in Warren County, one demand having been made by the plaintiff upon the defendant for the property embraced in both suits; and upon the trial before said Justice, the defendant put in no defence, and the plaintiff recovered judgment in both suits for the property described in the summons in the suits. From these judgments the defendant appealed to the Superior Court of Warren County, and in the Superior Court the two actions as begun before the Justice of the Peace were, by consent of all parties, consolidated and referred to C. A. Cooke, Esq., to take an account under *The Code*.

The material part of the Referee's report was as follows:

" Upon the above findings, viz., that the value of the corn and cotton being conveyed and secured in one deed and being then and there seized of the value greater than $50, viz., $60.62; it is the opinion of your Referee that the Court of the Justice of the Peace did not obtain jurisdiction for the recovery of the possession of said property by dividing the crops and splitting up the quantity of the property so as to reduce the respective values within the limit of the Justice's jurisdiction, and, therefore, the actions ought to be dismissed for want of original jurisdiction."

The plaintiff excepted to the Referee's report and his conclusions of law, that the Justice of the Peace had no jurisdiction of the actions, and his conclusion that said actions should be dismissed for want of jurisdiction in the Justice's Court and the Superior Court as an appellate Court.

At the March Term, 1894, the cause came on to be heard upon exceptions to the report of the Referee before his Honor J. F. Graves, Judge presiding. Exception No. 2 of the plaintiff's said exceptions being presented and argued before his Honor, the Court overruled said exception and ruled that

the Court had no jurisdiction of the action, and rendered judgment for the defendant against the plaintiff, a copy of which is herewith filed and marked " Exhibit D."

From his Honor's ruling dismissing said action and rendering judgment as aforesaid, and overruling said exception of plaintiff's exceptions, the plaintiff appealed.

*Mr. Thomas W. Hawkins,* for plaintiff (appellant).
*Mr. Walter A. Montgomery,* for defendant.

AVERY, J.: The two actions were brought before the Justice of the Peace, not to enforce a contract by recovering judgment for an ascertained amount of indebtedness, but for the recovery of the possession of distinct articles of property, to-wit, corn, of the value of $35, made upon certain land, in the first, and cotton and fodder raised thereon, of the value of $15, in the second action. The Court of the Justice unquestionably had jurisdiction, under the principle laid down in *Bell* v. *Howerton,* 111 N. C., 69. This is not one of the cases where an attempt has been made to give jurisdiction by "splitting up" the items of indebtedness due on a single contract, so as to bring the amount demanded in each action within the constitutional limit. The ruling of the Court below sustaining the conclusion of the Referee that the Magistrate's Court had no jurisdiction is, therefore, reversed, and the cause will stand for hearing upon the report of the Referee.          Judgment reversed.